NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACYE D. GARVIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2018-1083

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-17-0550-W-1.

---

Decided: June 11, 2018

---

TRACYE D. GARVIN, Lanham, MD, pro se.

TREYER AUSTIN MASON-GALE, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE M. SMITH.

---

Before LOURIE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Tracye D. Garvin ("Garvin") petitions for review of the final order of the Merit Systems Protection Board ("the Board" or "MSPB") dismissing her Individual Right of Action ("IRA") appeal under 5 U.S.C. § 1221(a) for lack of jurisdiction. *See Garvin v. Dep't. of Transp.*, No. DC-1221-17-0550-W-1, 2017 WL 3872692 (M.S.P.B. Aug. 30, 2017) (Resp't App. ("R.A.") 1–27). Because the Board correctly concluded that it lacked jurisdiction over Garvin's appeal, we *affirm*.

## BACKGROUND

Garvin is employed as an Administrative Staff Assistant with the Department of Transportation ("DOT"), National Highway Traffic Safety Administration, Office of Civil Rights (the "Agency"), in Washington, DC. R.A. 2. On April 12, 2016, Garvin requested that the Office of Inspector General ("OIG") at DOT conduct a "Retaliation Whistleblower Act Investigation" regarding her supervisor, Regina Morgan ("Morgan"). *Id.* On May 12, 2016, DOT OIG determined it did not have authority over Garvin's complaint and referred her to the Office of Special Counsel ("OSC"). *Id.* On May 31, 2016, Garvin filed a complaint with OSC ("Initial OSC Complaint") alleging that the Agency, specifically Morgan, had retaliated against her for whistleblowing and violations of 5 U.S.C. § 2302(b)(4), (b)(8), (b)(9), and (b)(12). *Id.*; R.A. 41. On October 21, 2016, Garvin requested to amend her initial OSC complaint to include "continued retaliation and managerial abuse" by Morgan ("Amended OSC Complaint"). R.A. 47.

Before the OSC, Garvin alleged that her supervisor retaliated against her for disclosing the following actions to several managerial officials: (D1) Morgan, or someone acting on her behalf, contacted Garvin's doctor via a March 21, 2016 letter claiming to have video from various dates in January 2016, of Garvin using her injured right

hand; (D2) Garvin's worker's compensation benefits were stopped in January 2016; (D3) Morgan failed to acknowledge or refused medical documentation between January and March 2016; (D4) Morgan attempted to note Garvin as absent without leave ("AWOL") in the Agency's time system; (D5) Morgan attempted to have Garvin take on responsibilities of an EO Specialist; (D6) Morgan denied Garvin's request to return to work on March 14, 2016, for four hours a day with medical limitations; (D7) Morgan required Garvin to use annual leave and refused worker's compensation pay; (D8) Morgan, or someone on her behalf, contacted Garvin's doctor and inquired about Garvin's medical situation between November 2015 and March 2016; (D9) Morgan requested that Garvin sign a release of medical information; (D10) Morgan falsely accused Garvin of inappropriately leaving documents containing personal identifying information in her trash can; (D11) Morgan stated that Garvin lacked etiquette and abused personal phone calls without providing evidence; (D12) Morgan presented worker's compensation staff with a different reason for medical injury; (D13) Morgan required Garvin to sign in and out while not requiring others to do so; (D14) Morgan required Garvin to attend mandatory conflict resolution training despite Garvin's claim that it is not part of her duties or responsibilities; and (D15) Morgan violated federal laws, rules, policies, practices, and procedures in her and other staff members' improper time and attendance practices, including teleworking.

Garvin also alleged that Morgan retaliated against her for engaging in the following activities: (A1) becoming a bargaining unit employee in August 2015; (A2) filing union grievances in November and December 2015 concerning Morgan's requirement for Garvin to sign in and out of work; (A3) filing an Equal Employment Opportunity ("EEO") complaint in December 2015; (A4) filing a complaint with the Agency's OIG in April 2016; and (A5)

answering interrogatories in October 2015 for a colleague's EEO complaint against Morgan.

On March 9, 2017, OSC made a preliminary determination based on Garvin's Initial OSC Complaint to close its investigation but provided her with an opportunity to respond to its findings. R.A. 62–67. Garvin responded to OSC's preliminary determination stating that she believed OSC failed to address all of her claims in her Initial and Amended OSC Complaints and requested that OSC conduct an investigation into the issues that were not originally considered. In addition to her response, Garvin provided a copy of her Amended OSC Complaint.

On March 31, 2017, OSC notified Garvin of its decision to cease its investigation into her claims of retaliation but informed her that she had a right to file an IRA appeal at the MSPB. R.A. 73–77. OSC also informed Garvin that it had no record of having received her Amended OSC Complaint until she included it with her OSC response. R.A. 73. OSC explained that the Amended OSC Complaint did not alter its determinations to close the investigation and that new allegations contained therein would have to be filed as a new complaint to the extent they contained new claims of personnel actions. R.A. 73–74.

On May 30, 2017, Garvin filed an IRA appeal at the MSPB. Garvin's IRA appeal essentially summarized her Initial and Amended OSC Complaints and her reply to OSC's final determination, and argued that OSC had failed to thoroughly analyze her complaints. The MSPB administrative judge ("AJ") issued an order instructing Garvin to submit evidence and argument establishing that her claims fell within the Board's jurisdiction.

After considering Garvin's response and the Agency's request to dismiss the appeal, the AJ issued an initial decision dismissing the appeal for lack of jurisdiction. The AJ determined that Garvin did not make any no-

frivolous allegations of fact that, if proven, would establish the Board's jurisdiction over her appeal and/or failed to administratively exhaust her remedies with OSC. Specifically, the AJ found that Garvin failed to administratively exhaust or make a nonfrivolous claim of a prohibited personnel practice under 5 U.S.C. § 2302(b)(4) and (b)(12). With respect to 5 U.S.C. § 2302(b)(8) and (b)(9), the AJ determined that Garvin failed to nonfrivolously allege an abuse of authority or gross mismanagement by Morgan with respect to D1–D14; a violation of law, rule, or regulation (D15); or a protected activity with respect to A1–A3. The AJ further held that although Garvin nonfrivolously alleged that she engaged in protected activities with respect to A4 and A5 under 5 U.S.C. §§ 1221(a), 2302(b)(9)(B)–(C), she had not nonfrivolously alleged that the protected activities were a contributing factor in the Agency's action. Neither party filed a petition for review by the full Board, and the AJ's decision became the final decision of the Board on October 4, 2017.

Garvin timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review a determination of the Board's jurisdiction *de novo* as a question of law, and review underlying factual findings for substantial evidence. *See Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). A finding is supported by substantial evidence if a reasonable mind might accept the evidence to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The MSPB has jurisdiction over an IRA appeal if a petitioner has exhausted all

administrative remedies and makes nonfrivolous allegations that the petitioner made a protected disclosure or engaged in a protected activity that was a contributing factor to the personnel action taken or proposed. *Piccolo v. Merit Sys. Prot. Bd.*, 869 F.3d 1369, 1371 (Fed. Cir. 2017). As the appellant before the Board, Garvin bore the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

Garvin argues that the Board erred in determining that it lacked jurisdiction over her claims. Garvin alleges violations of 5 U.S.C. § 2302(b)(2), (b)(4)–(6), (b)(8), (b)(9), and (b)(12) on appeal. Garvin contends that she exhausted her administrative remedies for all claims. Garvin further argues that she "show[ed] a nexus between her prior protected activities" and Morgan's "prohibited personnel practice violations" based on a "close timeframe." Pet'r Br. 4.

The government responds that the Board properly dismissed Garvin's appeal for lack of jurisdiction. The government contends that the Board lacks jurisdiction over claims under § 2302(b)(2), (b)(4)–(6), and (b)(12), pursuant to 5 U.S.C. § 1221, the only basis for jurisdiction Garvin identified before the MSPB. The government argues that the Board properly dismissed her remaining claims for failure to nonfrivolously allege that her disclosures and activities were protected and/or a contributing factor to the Agency's actions.

We agree with the government that the Board lacked jurisdiction over claims pursuant to § 2302(b)(2), (b)(4)–(6), and (b)(12) in this case. Garvin invoked the Board's jurisdiction pursuant to 5 U.S.C. § 1221(a), which grants the Board jurisdiction over appeals from "an employee . . . with respect to any personnel action taken, or proposed to be taken, against such employee . . . as a result of a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D)." Thus, the

Board could only order corrective action for violations of § 2302(b)(8) and (b)(9)(A)(i), (B), (C), or (D). *See* 5 U.S.C. § 1221(e)(1); *see also Hicks v. Merit Sys. Prot. Bd.*, 819 F.3d 1318, 1320 (Fed. Cir. 2016).

To the extent that Garvin seeks to rely on a basis for Board jurisdiction other than § 1221, her failure to raise the issue before the Board precludes her from doing so in the first instance on appeal. *See Wallace v. Dep't of Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989) ("Ordinarily, appellate courts refuse to consider issues not raised before an administrative agency."). Moreover, the Supreme Court's decision in *Securities & Exchange Commission v. Chenery Corp.*, 318 U.S. 80 (1943), does not preclude our affirmance on this alternative purely legal jurisdictional ground. *See Grabis v. Office of Pers. Mgmt.*, 424 F.3d 1265, 1270 (Fed. Cir. 2005) ("*Chenery* does not apply if there is no room for the agency to exercise discretion in deciding the legal issue under review.").

We also agree with the government that the AJ did not err in determining that Garvin failed to nonfrivolously allege that her disclosures were protected. Section 2302(b)(8)(A) protects non-prohibited disclosures of information by an employee which the employee "reasonably believes evidences": "(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." To determine whether an employee had a reasonable belief that her disclosures were protected, we ask: "could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence" one of the categories of wrongdoing listed in § 2302(b)(8)(A)? *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

Before the Board, Garvin alleged that her D1–D14 disclosures evidenced an abuse of authority or gross

mismanagement. The Board has defined an "abuse of authority" as an "arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons," *Ramos v. Dep't of Treasury*, 72 M.S.P.R. 235, 241 (1996) (internal quotation marks omitted), and "gross mismanagement" as "a management action or inaction that creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission," *Embree v. Dep't of the Treasury*, 70 M.S.P.R. 79, 85 (1996). To establish gross mismanagement, "an employee must disclose such serious errors by the agency that a conclusion the agency erred is not debatable among reasonable people," and the matter that is the subject of the disclosure must be "significant." *White v. Dep't of Air Force*, 391 F.3d 1377, 1382 (Fed. Cir. 2004).

Substantial evidence supports the AJ's findings that a disinterested observer could not reasonably conclude that Morgan's alleged actions per Garvin's D1–D14 disclosures were an arbitrary and capricious exercise of power to negatively affect Garvin's rights or result in personal gain or advantage to Morgan or someone else, or created a substantial risk of significant adverse impact upon the Agency's ability to accomplish its mission. Garvin has not pointed us to any evidence in the record that calls the AJ's findings into question or identified a legal error. We thus agree that the Board lacked jurisdiction over these claims.

Similarly, we find no error in the AJ's determination that Garvin has not nonfrivolously alleged a violation of a law, rule, or regulation. Garvin has not identified a law, rule, or regulation that she alleges was violated, or identified, with any specificity, who allegedly submitted false attendance records or failed to provide telework product and when the alleged violation occurred. We thus agree with the AJ that her conclusory and vague D15 disclosure is insufficient to support jurisdiction. *Cf. Johnston v.*

*Merit Sys. Prot. Bd.*, 518 F.3d 905, 910 (Fed. Cir. 2008) ("[Petitioner]'s disclosures are not the sort of vague, conclusory or facially insufficient allegations of government wrong-doing that fail to provide an adequate jurisdictional predicate under the WPA.").

We next address Garvin's allegedly protected action claims. Section 2302(b)(9) prohibits an employee with the requisite authority from:

tak[ing] or fail[ing] to take, or threaten[ing] to take or fail to take, any personnel action against any employee or applicant for employment because of--

(A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation--

(i) with regard to remedying a violation of paragraph (8); or

(ii) other than with regard to remedying a violation of paragraph (8);

(B) testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii);

(C) cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law; or

(D) refusing to obey an order that would require the individual to violate a law, rule, or regulation[.]

We agree with the government that the AJ did not err in determining that Garvin's allegations based on her union membership (A1), filing of union grievances (A2), and filing of an EEO complaint (A3) failed to nonfrivolously allege a protected activity. As the AJ stated, "membership in a union is not an activity protected pursuant to section 2302(b)(9)." R.A. 18. We also agree with the AJ that the substance of the A2 and A3 actions alleged fall under § 2302(b)(9)(A)(ii), and thus the Board lacked jurisdiction over them in this IRA appeal. *See* 5 U.S.C. § 1221 (not including § 2302(b)(9)(A)(ii) in the grant of MSPB IRA jurisdiction).

Additionally, substantial evidence supports the AJ's finding that Garvin failed to nonfrivolously allege that the A4 and A5 activities were a contributing factor to the Agency's actions. "An employee may demonstrate that the disclosure or protected activity was a 'contributing factor' through circumstantial evidence that 'the official taking the personnel action knew of the disclosure' and the 'action occurred within a period of time such that a reasonable person could conclude' the disclosure contributed to the action." *Piccolo*, 869 F.3d at 1371 (quoting 5 U.S.C. § 1221(e)(1)). Garvin does not specifically allege that Morgan was aware of her involvement in her coworker's EEO complaint or her OIG complaint. Although Garvin alleges a "close timeframe" between her protected activities and Morgan's allegedly prohibited personnel practices, Pet'r Br. 4, "closeness in timing, in and of itself, is not sufficient as a nonfrivolous allegation that the protected [activity] was a contributing factor to the adverse personnel action." *Kerrigan v. Merit Sys. Prot. Bd.*, 833 F.3d 1349, 1354 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 2180 (2017).

We have considered Garvin's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, we affirm the Board's decision dismissing Garvin's appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.