NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYRIL D. ORAM, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-2307

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-20-0444-M-1.

---

Decided: March 23, 2022

---

CYRIL D. ORAM, JR., Bellingham, WA, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, CHEN and HUGHES, *Circuit Judges*.

PER CURIAM.

Cyril D. Oram, Jr. appeals a decision of the Merit Systems Protection Board that determined the Board lacks jurisdiction to hear Mr. Oram's case. The Board did not err in its analysis, so we affirm.

I

On June 29, 2016, the Department of the Air Force told Mr. Oram that it had tentatively selected him for an Information Technology Specialist position. The Air Force advised Mr. Oram that he was eligible for a living quarters allowance but ultimately denied his request for one.

Mr. Oram was scheduled to enter duty on September 19, 2016. The Air Force allowed him to extend this date to October 3, 2016. Mr. Oram then informed the Air Force that he could not report for duty on October 3, 2016, because he had to attend hearings for a labor dispute with his former employer—which Mr. Oram alleged he had told the Air Force about before it selected him for the position. The Air Force denied any further extensions and informed Mr. Oram that it would rescind his job offer if he failed to report on October 3. When Mr. Oram did not report for duty on that date, the Air Force withdrew its job offer.

On March 9, 2020, Mr. Oram filed an Individual Right of Action (IRA) appeal with the Merit Systems Protection Board. Mr. Oram alleged that the Air Force had retaliated against him for disclosing ongoing litigation against his former employer by using that information to deny his living quarters allowance, refusing to extend his entrance-on-duty date, and withdrawing his job offer. The Board dismissed Mr. Oram's appeal, determining that it lacks jurisdiction. Mr. Oram appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9).

## II

We must "hold unlawful and set aside any agency . . . findings" that are "(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review de novo the Board's determination that it lacks jurisdiction. *Forest v. MSPB*, 47 F.3d 409, 410 (Fed. Cir. 1995).

## III

For the Board to exercise jurisdiction over an IRA appeal, an appellant must exhaust all administrative remedies at the Office of Special Counsel—unless the appellant has a right to appeal directly to the Board—and make a non-frivolous allegation that (1) the appellant made a protected disclosure or engaged in a protected activity and (2) the disclosure or activity contributed to the agency's decision to take a personnel action. 5 U.S.C. § 1221(a)–(b); *Hessami v. MSPB*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).

Mr. Oram argues that the Board (1) narrowed the scope of his claims by requiring him to exhaust all administrative remedies at the Office of Special Counsel, even though he allegedly has a right to appeal directly to the Board; (2) misconstrued the jurisdictional statute—which defines "disclosure" as "*any* violation of any law, rule, or regulation"—to cover only violations committed by federal employees; and (3) improperly evaluated the merits of his claim when analyzing jurisdiction.

### A

In addition to his IRA claims, Mr. Oram argued that the Air Force violated the Uniformed Services Employment and Reemployment Rights Act (USERRA) by discriminating against him due to his previous military service. The Board forwarded Mr. Oram's USERRA claim to the Board's Washington Regional Office for separate adjudication.

Regarding his IRA claims, the Board determined that Mr. Oram had exhausted most of his claims at the Office of Special Counsel but nevertheless concluded that it lacked jurisdiction over these exhausted claims because Mr. Oram had not alleged a protected disclosure or protected activity.

Mr. Oram contends that the Board's bifurcation of his IRA and USERRA claims is improper. He asserts that his USERRA claim gives him a right to appeal directly to the Board and that, by separating his USERRA claim and then determining that he had not exhausted one of his IRA claims, the Board limited the scope of his arguments.

"Importantly, in an IRA appeal to the Board, the Board's review is limited to the merits of allegations of violations of the Whistleblower Protection Act. Discrimination claims may not be raised in that context." *Young v. MSPB*, 961 F.3d 1323, 1327–38 (Fed. Cir. 2020) (citing 5 C.F.R. § 1209.2(c)). While *Young* refers to discrimination as an affirmative defense, 5 C.F.R. § 1209.2(c) clearly states that in an IRA appeal, "the only merits issues before the Board are . . . whether the appellant has demonstrated that whistleblowing or other protected activity was a contributing factor" in the agency's action and, if so, whether the agency would have taken the same action regardless. We discern no error in forwarding Mr. Oram's USERRA claim to the Board's Washington Regional Office or in requiring that he exhaust all administrative remedies at the Office of Special Counsel for his IRA claims, so we affirm.

B

Mr. Oram disclosed to the Air Force that he believed "he was unlawfully terminated from a prior position in the United Arab Emirates . . . and he intended to participate in a complaints process to challenge the termination with the labor courts in the Middle East," and he alleges that the Air Force used this disclosure to deny his living quarters allowance. Initial Decision at 8, *Oram v. Dep't of the Air Force*, Docket No. DC-1221-20-04444-M-1 (MSPB June

8, 2021) (*Initial Decision*). The Board determined that this disclosure is not protected because Mr. Oram did not allege that any government official committed wrongdoing. *Id.* In particular, Mr. Oram's "termination from his contractor position in UAE does not involve" government officials. *Id.*

Mr. Oram argues that the Board narrowly construed 5 U.S.C. § 2302(b)(8)(A) to cover only violations committed by federal employees. But "[t]he purpose of the [Whistleblower Protection Act] is to encourage government personnel to disclose government wrongdoing." *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998). And the amendments that Congress made in the Whistleblower Protection Enhancement Act do not "extend whistleblower protection to claims involving purely private conduct," like Mr. Oram's termination from his previous position in the UAE. *See Aviles v. MSPB*, 799 F.3d 457, 464 (5th Cir. 2015). While a disclosure of wrongdoing committed by a non-government entity can be protected in some circumstances, those circumstances do not apply here. *See Miller v. Dep't of Homeland Sec.*, 99 MSPR 175, 182 (2005) ("Disclosures of wrongdoing by a nongovernment entity may constitute protected disclosures when the government's interests and good name are implicated in the alleged wrongdoing, and the employee shows that he reasonably believed that the information he disclosed evidenced that wrongdoing."). Therefore, the Board did not err in determining that Mr. Oram's disclosure is not protected because he did not allege that a government official committed wrongdoing.

C

Mr. Oram argues that the Board improperly evaluated the merits of his claim at the jurisdictional stage of his case. Mr. Oram contends that "jurisdiction in whistleblower cases" is "based on whether allegations [are] facially sufficient." Appellant's Br. 6.

As discussed above, one of the Board's jurisdictional requirements is that an appellant nonfrivolously allege that

the appellant made a protected disclosure or engaged in protected activity. *Hessami*, 979 F.3d at 1367. Mr. Oram is correct that the allegation must not be "vague, conclusory or facially insufficient," and the petitioner must reasonably believe it to be true. *Piccolo v. MSPB*, 869 F.3d 1369, 1371 (Fed. Cir. 2017) (quoting *Johnston v. MSPB*, 518 F.3d 905, 910 (Fed. Cir. 2008)). But the Board must still determine whether the disclosure or activity is "protected," as defined by statute. *See id.* (listing the statute that defines "protected disclosure"). This determination is not an evaluation of the merits—i.e., credibility determinations and weighing of the evidence—as prohibited by *Piccolo*.

The Board did not, as Mr. Oram alleges, evaluate the merits of his allegations. Rather, it determined whether his allegations constituted protected disclosures or activities over which the Board has jurisdiction. *See Initial Decision* 8–9 ("Absent agency action I find the appellant has failed to establish a non-frivolous allegation that he made a protected disclosure regarding this report."); *Initial Decision* 9–10 (determining that the Board does not have jurisdiction because "[t]he substance of [Mr. Oram's allegations] does not concern remedying an alleged violation of" 5 U.S.C. § 2302(b)(8)). We therefore affirm.

IV

We have considered Mr. Oram's other arguments and find them unpersuasive: Based on the record before us, the administrative judge did not express bias in favor of the Air Force or otherwise fail to consider Mr. Oram's objections and motions. And the pro-veteran canon that Mr. Oram invokes throughout his brief is a canon of statutory construction that does not apply to this appeal. Because the Board lacks jurisdiction to hear Mr. Oram's case, we affirm.

**AFFIRMED**

COSTS

No costs.