# United States Court of Appeals for the Federal Circuit

---

**JASON JOHN PICCOLO,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2374

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-16-0305-W-1.

---

Decided: September 7, 2017

---

ROBERT J. GAJARSA, Latham & Watkins LLP, Washington, DC, for petitioner. Also represented by GABRIEL BELL.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE M. SMITH, JEFFREY A. GAUGER.

---

Before PROST, *Chief Judge,* MAYER and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Petitioner Jason John Piccolo appeals the final decision of the Merit Systems Protection Board ("MSPB") dismissing, for lack of jurisdiction, his individual right of action ("IRA") appeal claiming that he was subject to adverse personnel action in retaliation for protected whistleblowing activity. *See Piccolo v. Dep't of Homeland Sec.*, No. DC-1221-16-0305-W-1, 2016 WL 2893596 (M.S.P.B. May 10, 2016) (J.A. 1−13).[1] The MSPB found that Mr. Piccolo met all of the grounds required to establish jurisdiction except for the requirement to allege non-frivolous allegations "to demonstrate that his protected activity was a contributing factor in the agency's decision to take [adverse] personnel action." J.A. 5.

Before we appointed pro bono counsel for Mr. Piccolo and the case was re-briefed, *see* Order, ECF No. 26, the MSPB argued that the decision of its Administrative Judge ("AJ") "should [be] affirm[ed]." Resp't's Original Br. 16, ECF No. 18. The MSPB now agrees that Mr. Piccolo "has established the [MSPB]'s IRA jurisdiction," Resp't's Br. 6, ECF No. 31, and "the case should be remanded to the AJ for a hearing" on the merits, *id.*; *see* Letter from Resp't, ECF No. 42 ("The [R]espondent's brief filed in this case has confessed error in the [MSPB]'s decision . . . ."). Both parties now agree that "the AJ made legal errors in his jurisdictional findings" and "misread

---

[1] Mr. Piccolo served as a Detention and Deportation Officer at the Bureau of Immigration and Customs Enforcement, a division of the Department of Homeland Security ("DHS"). J.A. 2, 166. At the time of the alleged retaliation, he also worked on detail to the White House Security Council's DHS Human Smuggling Cell. J.A. 166. His disclosure related to DHS's practice of releasing unaccompanied alien children to non-family sponsors with criminal records. *See* J.A. 2, 23−24, 136.

the record."  Resp't's Br. 6, ECF No. 31; *see* Pet'r's Br. 20−29, ECF No. 28 (similar).  In such a case, we reverse and remand for additional proceedings below.  *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[S]ummary disposition is appropriate . . . when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

The MSPB has jurisdiction over an IRA appeal if a petitioner has exhausted all administrative remedies and makes non-frivolous allegations that "the [petitioner] made a protected disclosure that was a contributing factor to the personnel action taken or proposed."  *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1382 (Fed. Cir. 2007) (alterations omitted); *see* 5 U.S.C. § 2302(a) (2012) (defining prohibited personnel actions), (b)(8)(A)(i) (defining protected disclosures as, inter alia, that which an employee "reasonably believes evidences . . . any violation of any law, rule, or regulation").  An employee may demonstrate that the disclosure or protected activity was a "contributing factor" through circumstantial evidence that "the official taking the personnel action knew of the disclosure" and the "action occurred within a period of time such that a reasonable person could conclude" the disclosure contributed to the action.  5 U.S.C. § 1221(e)(1); *see Kerrigan v. Merit Sys. Prot. Bd.*, 833 F.3d 1349, 1354 (Fed. Cir. 2016).

This court has made clear that the MSPB must "separate the issue of jurisdiction from that of the merits of a petitioner's case."  *Spencer v. Dep't of the Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003) (citation omitted).  And on several occasions, we have identified instances where the MSPB did not meet this requirement in the past.  *See id.*  We reiterate that at the jurisdictional stage, a petitioner need only assert non-frivolous allegations—allegations that are not "vague, conclusory, or facially insufficient," and that the petitioner "reasonably believe[s]" to be

true—of a protected disclosure that was a contributing factor to a reprisal. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 910 (Fed. Cir. 2008) (internal quotation marks and citation omitted). A petitioner's credibility including, as in this case, consideration of affidavits submitted by an allegedly retaliatory supervisor claiming no knowledge of the petitioner's protected disclosure or motivation to retaliate, "relate[s] to the merits of [the] claim." *Id.* at 911, 912 n.3; *see* J.A. 6 (improperly considering affidavit of Mr. Piccolo's supervisor at the jurisdictional stage). Non-frivolous allegations suffice at the jurisdictional stage precisely because, as here, the petitioner may not have access to all relevant documents or have been provided an opportunity to conduct discovery. *See Johnston*, 518 F.3d at 912; *see* Pet'r's Original Br. 11–15, ECF No. 9 (detailing outstanding requests under the Freedom of Information Act). We have also required that petitioners in IRA appeals be provided "notice of deficiencies before a claim is finally dismissed" and "an opportunity to cure" their pleadings where specific details are "readily available." *Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1375, 1376 (Fed. Cir. 2016).

Mr. Piccolo's disclosures allege serious breaches in DHS's practices that threaten the safety and security of minor children. His non-frivolous allegations that such disclosures contributed to negative personnel action deserve a merits hearing. Accordingly, the Final Decision of the Merit Systems Protection Board is

## REVERSED AND REMANDED

### COSTS

Costs to petitioner.