# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. JEFFREY MISSAL,
Petitioner,

v.

DEPARTMENT OF THE INTERIOR,
Agency.

DOCKET NUMBER
CB-1208-17-0025-U-2

DATE: September 15, 2017

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Thomas Devine, Esquire, Washington, D.C., for the relator.

Daniel T. Raposa, Washington, D.C., for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY EXTENSION REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 90-day extension of the previously granted stay of Mr. Missal's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal. For the reasons discussed below, OSC's request is GRANTED IN PART, and the stay is extended through October 30, 2017.

## BACKGROUND

¶2 On July 28, 2017, OSC requested a 45-day initial stay of Mr. Missal's removal. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-1, Stay Request File (U-1 SRF), Tab 1. Mr. Missal was removed from his Environmental Protection Specialist position effective January 14, 2016, based on a charge of misconduct. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-2, Stay Request File (U-2 SRF), Tab 2 at 24-27. In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency removed Mr. Missal in retaliation for whistleblowing and other protected activity in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C). U-1 SRF, Tab 1 at 5, 23. On August 2, 2017, OSC's initial stay request was granted. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-1, Order on Stay Request, ¶¶ 1, 14 (Aug. 2, 2017).

¶3 On August 31, 2017, OSC filed a timely request to extend the stay for an additional 90 days. U-2 SRF, Tab 1. The agency filed a timely opposition to the extension request and an addendum to its opposition.[2] U-2 SRF, Tabs 2-3.[3]

---

[2] The addendum, purportedly based on newly discovered evidence, was filed within the time limit for the agency to comment on OSC's extension request. Order on Stay Request, ¶ 14; U-2 SRF, Tab 3.

[3] On September 11, 2017, OSC filed a motion for leave to file a reply to the agency's opposition to the stay extension request and addendum. U-2 SRF, Tab 4. Neither the applicable statute nor the Board's regulations provide for such a reply, and OSC has not shown a reply is necessary to make a decision on its stay extension request. *See* 5 U.S.C. § 1214(b)(1)(B)-(C); 5 C.F.R. § 1201.136(b), (e). Thus, OSC's motion is denied.

**ANALYSIS**

¶4 A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will view the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may extend the period of a stay for any period that it considers appropriate.[4] 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 141, ¶ 3 (2006).

¶5 In OSC's request for an extension, OSC asserts that it has completed its principal investigation, it is beginning to draft a formal prohibited personnel practice report, and the evidentiary record has not changed materially during the stay. U-2 SRF, Tab 1 at 2-3. In a declaration made under penalty of perjury, the OSC investigator further asserts that a follow-up investigation is required to adequately assess the agency's defense and that OSC may need to conduct a small number of additional interviews. *Id.* at 6. OSC concludes that it needs additional time to finalize its report and seek resolution of the complaint, and it requests that Mr. Missal be held harmless during the pendency of his complaint. *Id.* at 3.

¶6 In its opposition to the stay extension request, the agency argues that an extension is not warranted because it would impose a hardship on the agency and because OSC has failed to present a reasonable claim that the agency committed a prohibited personnel practice. U-2 SRF, Tab 2 at 1-9. In particular, the agency asserts that the alleged retaliating officials lacked knowledge of Mr. Missal's

---

[4] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum. *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017).

disclosures or complaint with the agency's Inspector General, or a motive to retaliate, and the agency submits declarations from two agency officials as evidence. *Id.* at 2-7, 12-14. Alternatively, the agency argues that OSC's request for a 90-day extension to complete its report is not justified and that a 15-day extension is more appropriate. *Id.* at 1-3, 8-9.

¶7       In the agency's addendum to its opposition, the agency asserts that Mr. Missal has been engaging in misconduct since he was reinstated pursuant to the stay and it submits evidence of the alleged misconduct. U-2 SRF, Tab 3. The agency claims that Mr. Missal's activity is a continuation of the misconduct for which he was removed, it cannot trust him to carry out his duties, and his continued reinstatement presents legitimate safety concerns. *Id.* at 2. For these reasons, the agency argues that the Board should deny OSC's stay extension request. *Id.* at 1-2.

¶8       A stay proceeding is not intended to be a substitute for a complete hearing on the merits of a prohibited personnel practice claim. *Special Counsel ex rel. Tines v. Department of Veterans Affairs*, 98 M.S.P.R. 510, ¶ 5 (2005). OSC's stay request merely need fall within the range of rationality to be granted. *Id.* An agency's claim of hardship cannot be allowed to override protection of the employee pending consideration of OSC's prohibited personnel practice claim. *Special Counsel v. Department of the Interior*, 68 M.S.P.R. 266, 269 (1995). Here, viewing the record in the light most favorable to OSC and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is appropriate.[5] *See Waddell*, 104 M.S.P.R. 141, ¶ 6. Moreover, it

---

[5] Without making a finding on this issue, it is noted that the agency contends that Mr. Missal has continued to engage in misconduct that was the subject of his removal since the imposition of the stay. U-2 SRF, Tab 3. The Board's stay orders have temporarily returned Mr. Missal to the status quo ante, but they do not insulate him from appropriate charges based on misconduct while so employed. *See Special Counsel ex rel. Perfetto v. Department of the Navy*, 85 M.S.P.R. 454, ¶ 24 (2000).

would be inappropriate to consider the agency's submission of declarations from agency officials in this stay proceeding because they relate to the merits of OSC's claim. *See Special Counsel ex rel. Perfetto v. Department of the Navy*, 85 M.S.P.R. 454, ¶ 13 (2000) (observing that the Board does not decide a controversy between the parties on the merits or the evidence in a stay proceeding, which is neither adversarial nor evidentiary); *see also Piccolo v. Merit Systems Protection Board*, No. 2016-2374, 2017 WL 3908172 (Fed. Cir. Sept. 7, 2017) (finding that the "consideration of affidavits submitted by an allegedly retaliatory supervisor claiming no knowledge of the petitioner's protected disclosure or motivation to retaliate" pertained to the merits of his whistleblower reprisal claim but should not be improperly weighed against the petitioner's nonfrivolous allegations at the jurisdictional stage).

¶9        The length of the extension requires a separate determination. *Waddell*, 104 M.S.P.R. 141, ¶ 7. The Board has recognized its obligation to press OSC to present corrective action cases in a timely manner. *Id.* Here, although the record does not indicate when Mr. Missal filed his OSC complaint, the initial stay request reflects that OSC informally sought corrective action from the agency on March 7, 2017, and that settlement discussions began on May 16, 2017. U-1 SRF, Tab 1 at 5, 25. However, OSC did not file the initial stay request until July 28, 2017. U-1 SRF, Tab 1. The record further reflects that OSC did not file the initial stay request until 18 months after the effective date of Mr. Missal's removal on January 14, 2016. U-2 SRF, Tab 2 at 24; *see Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 625, 628-30 (1997) (considering the passage of time from the effective date of the personnel action to the date of the initial stay request in deciding to grant a 45-day extension of a stay). It appears that OSC needs to finalize and submit its prohibited personnel practice report to the head of the agency, at which time the agency will, by statute, have up to 30 days to respond. U-2 SRF, Tab 1 at 2-3, 6; *see* 5 U.S.C. § 1214(e). In light of the factors discussed above, a 45-day

extension of the stay is appropriate, and thus, OSC's request is granted in part. *See Special Counsel v. Department of Veterans Affairs*, [59 M.S.P.R. 431](), 432-33 (1993) (granting a 45-day extension of a stay for OSC to prepare an investigative report when OSC had completed its field investigation).

## ORDER

¶10 Pursuant to [5 U.S.C. § 1214](b)(1)(B), a 45-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1) The stay issued on August 2, 2017, is extended through and including October 30, 2017, on the terms and conditions set forth in that Order;

(2) The agency shall not effect any changes to Mr. Missal's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement that is not required of other employees of comparable position, salary, or grade level;

(3) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for a further extension of this stay pursuant to [5 U.S.C. § 1214](b)(1)(B), as amended by Pub. L. No. 115-42,[6] and [5 C.F.R. § 1201.136](b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before October 13, 2017; and

---

[6] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

(5)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before October 20, 2017.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.