## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARCOS MELENDEZ,
        Appellant,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DC-1221-16-0303-W-1

DATE: February 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Nina Ren</u>, Washington, D.C., for the appellant.

<u>Michael J. Buxton</u>, and <u>William R. Kraus</u>, Alexandria, Virginia, for
    the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      In this IRA appeal, the appellant, a GS-14 General Engineer in the agency's Office of Inspector General (OIG), asserted that the agency subjected him to a hostile work environment, put him on a performance improvement plan (PIP), and lowered his October 16, 2015 performance evaluation in reprisal for his alleged protected disclosures of a hostile work environment in OIG Oversight and Technical Assessment Directorate (TAD).  Initial Appeal File (IAF), Tabs 1, 4, 13, 20-22.   He alleged that on November 21, 2014, he wrote letters to Congressman Gerry Connolly and Senators Charles Grassley, Tim Kaine, and Mark Warner, regarding the treatment of employees, including himself, by his first- and second-level supervisors, the Director of the OIG TAD (Director) and the Deputy Inspector General for Policy and Oversight (Deputy).  IAF, Tab 4 at 4, 10-13.  He also alleged that he had made similar protected disclosures to the OIG Equal Employment Opportunity (EEO) Office and to the Internal Review Division (IRD) employees tasked with investigating his allegations.  *Id.* at 4-5.  The appellant further alleged that his subsequent contacts with agency officials, and his follow-up disclosures with Senator Grassley's office, which he contended gave his supervisors confirmation that the Deputy was the subject of a congressional inquiry, also constituted protected activity.  *Id.* at 6-9.

¶3      Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction.  IAF, Tab 1, Tab 24, Initial Decision (ID).  Although he found that the appellant had exhausted his administrative remedies before the Office of Special Counsel (OSC) and had made nonfrivolous allegations that the agency had placed him on a

PIP and subjected him to a hostile work environment,[2] the administrative judge found that the appellant had failed to nonfrivolously allege that he had made a protected disclosure because his purported disclosure lacked "sufficient, far-reaching importance." ID at 4-6.

¶4      In his petition for review, the appellant challenges the administrative judge's finding that he failed to make a protected disclosure. Petition for Review (PFR) File, Tab 1 at 4-6. He also argues that his protected disclosures were contributing factors to the personnel actions at issue in this IRA appeal. *Id.* at 6-8. Lastly, the appellant challenges the administrative judge's failure to address his October 2015 performance evaluation. *Id.* at 9. The agency responds in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      Under the Whistleblower Protection Act (WPA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action.[3] *Corthell v. Department of Homeland*

---

[2] Concerning the appellant's October 16, 2015 performance evaluation, even though the appellant exhausted this personnel action with OSC, the administrative judge determined before the close of the record that the appellant was precluded from appealing his evaluation to the Board because he had filed an informal grievance on the issue before filing his IRA appeal. IAF, Tab 20 at 2. The agency subsequently conceded that the appellant was not covered by a collective bargaining agreement, such that its informal grievance procedure did not preclude him from also appealing the performance evaluation in his IRA appeal, IAF, Tab 22 at 7, but, despite this concession, the administrative judge did not address the performance evaluation in his initial decision.

[3] The WPA has been amended several times, including by the Whistleblower Protection Enhancement Act of 2012. The references herein to the WPA include those

*Security*, 123 M.S.P.R. 417, ¶ 8 (2016). A nonfrivolous allegation is one that, if proven, could establish the matter at issue, is more than conclusory, plausible on its face, and is material to the legal issues of the appeal. 5 C.F.R. § 1201.4(s).

<u>The appellant made a nonfrivolous allegation of a protected disclosure.</u>

¶6 On November 21, 2014, the appellant sent identical letters to his representative in the U.S. House of Representatives and three U.S. Senators. IAF, Tab 4 at 4, 10-13. The letter stated, among other things, that his workplace had become "increasingly unreasonable, hostile, abusive, and degrading," and he sought their assistance in initiating an "immediate investigation of this constant abuse, berating, discrimination, and harassment against [himself] and [his] coworkers." *Id.* at 10. Shortly thereafter, the appellant made similar complaints to the agency's EEO office and to IRD during their subsequent investigations. *Id.* at 14-18.

¶7 At the outset, we agree with the administrative judge that the appellant failed to nonfrivolously allege that he disclosed gross mismanagement. ID at 6. Neither the PIP nor the alleged hostile work environment represents management action or inaction that would create a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. ID at 6; *see Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996).

¶8 However, the same is not true for the appellant's contention that the hostile work environment he allegedly disclosed represented an abuse of authority. PFR File, Tab 1 at 5. The Board has found that supervisory bullying, harassment, or intimidation may constitute an abuse of authority. *See Special Counsel v. Costello*, 75 M.S.P.R. 562, 580 (1997), *rev'd on other grounds*, 182 F.3d 1372 (Fed. Cir. 1999). Under the WPA, an abuse of authority is an arbitrary or capricious exercise of power by a Federal official or employee that adversely

---

amendments. We have also reviewed the relevant legislation enacted since the filing of this appeal and find that it does not impact the outcome.

affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons. *Pulcini v. Social Security Administration*, 83 M.S.P.R. 685, ¶ 9 (1999), *aff'd*, 250 F.3d 758 (Fed. Cir. 2000).

¶9        The appellant has alleged an arbitrary and capricious exercise of power by his supervisors that adversely affected him and his colleagues in TAD. IAF, Tab 21 at 5-10. Because there is no de minimis standard for abuse of authority, we find that the appellant has made a nonfrivolous allegation that he made a protected disclosure of an abuse of authority. *Pulcini*, 83 M.S.P.R. 685, ¶ 9.

The appellant made a nonfrivolous allegation that his disclosure was a contributing factor in the personnel actions at issue.

¶10        To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact or the content of the protected disclosure was one factor that tended to affect the personnel action in any way. *E.g.*, *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶11        The administrative judge found that the appellant failed to nonfrivolously allege that his disclosure was a contributing factor in the personnel actions he alleged, remarking that he failed to identify any event or circumstance that might have given his supervisors knowledge about his disclosures. ID at 7-8. We disagree. The appellant alleged that his disclosures were a contributing factor in the personnel actions at issue because, shortly following his disclosures to members of congress, the Director announced in a weekly group staff meeting that the Deputy had just identified himself as the subject of an IRD investigation.

IAF, Tab 4 at 4. The appellant also argued that the small size of his office group would have made it easy for the Director and the Deputy to figure out who was the source of the disclosures that spurred the subsequent EEO and IRD investigations. *Id.* at 4-5. Additionally, the appellant alleged that the Deputy observed him leaving the office of the OIG's Chief of Staff under circumstances that suggest the appellant may have made a complaint. PFR File, Tab 1 at 8; IAF, Tab 4 at 8.

¶12      We find that these allegations, considered in context, amount to a nonfrivolous allegation that the appellant's supervisors were aware of his alleged protected disclosures. *See Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1374-75 (Fed. Cir. 2016) (finding that the appellant's allegation of a small group meeting in which his disclosures were discussed adequately conveyed a contention that at least one of the pertinent individuals was aware of the disclosure at issue). Moreover, despite the agency's assertions to the contrary, for example, the contention that agency management had concerns about the appellant's performance that predated his disclosures, IAF, Tab 22 at 10-11, Tab 15 at 129, 135-36, such arguments are properly considered in the merits phase of an IRA appeal, and cannot defeat an otherwise sufficient allegation of jurisdiction, *see, e.g.*, *Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017); *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020) ("The Board may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor to an adverse personnel action[.]").[4] Furthermore, any doubt

---

[4] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B).

or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Drake v. Agency for International Development*, 103 M.S.P.R. 524, ¶ 11 (2006).

The appellant's informal grievance does not preclude considering his October 2015 performance evaluation in this IRA appeal.

¶13    Concerning the appellant's October 16, 2015 performance evaluation, we find that because he is not covered by a collective bargaining agreement, he is not precluded by his decision to employ the agency's informal grievance procedure to pursue the evaluation in his IRA appeal. *See Garrison v. Department of Defense*, 101 M.S.P.R. 229, ¶ 16 (2006) (finding that, because the appellant did not file his grievance pursuant to a negotiated grievance procedure under a collective bargaining agreement, 5 U.S.C. § 7121(g) did not bar him from pursuing his IRA appeal). Because the record also reflects that the appellant exhausted his administrative remedies before OSC on this issue, ID at 4; IAF, Tab 4 at 49, the administrative judge should consider the merits of the appellant's claim that the agency lowered his October 2015 performance evaluation in reprisal for protected activity on remand.

The appellant alleged that he engaged in activity protected under 5 U.S.C. § 2302(b)(9)(C).

¶14    As the appellant notes on review, he also made disclosures that may be protected under 5 U.S.C. § 2302(b)(9). PFR File, Tab 1 at 5-6. The provisions of the Whistleblower Protection Enhancement Act of 2012 provide that, under 5 U.S.C. § 1221(a), if the jurisdictional requirements are otherwise met, an employee may seek corrective action before the Board concerning any personnel action taken against that individual as a result of a prohibited personnel practice under 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D). *Corthell*, 123 M.S.P.R. 417, ¶ 10. On remand, after an opportunity for the parties to submit

Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

evidence and argument, the administrative judge should consider whether the appellant established jurisdiction over these claims in his IRA appeal and, if he so finds, adjudicate the merits of the claims.

## ORDER

¶15    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                                  /s/ for
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.