NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MONA ELHELBAWY,**
*Petitioner*

**v.**

**DEPARTMENT OF COMMERCE,**
*Respondent*

---

2023-1322

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-15-0438-W-1.

---

Decided: December 8, 2023

---

MONA ELHELBAWY, Boulder, CO, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Mona ElHelbawy worked for the federal government in the United States Department of Commerce.  After a sustained absence from work, she was removed from her job.  Ms. ElHelbawy appealed the removal to the Merit Systems Protection Board under 5 U.S.C. ch. 75, asserting in part that her removal constituted whistleblower retaliation.  The Board rejected that appeal on the merits, but it concluded that Ms. ElHelbawy had sought to present a broader appeal on whistleblower grounds (not limited to the removal action) under the statutory sections providing for an individual right of action (IRA), 5 U.S.C. §§ 1214, 1221, and the Board forwarded the IRA appeal to the relevant administrative judge so that it could be addressed.  Upon addressing the IRA appeal, the administrative judge dismissed it for outside the Board's jurisdiction and as (partially) barred by res judicata, *ElHelbawy v. Department of Commerce*, No. DE-1221-15-0438-W-1, 2017 WL 2774838 (M.S.P.B. June 21, 2017) (*2017 Decision*), and the full Board affirmed that decision, *ElHelbawy v. Department of Commerce*, No. DE-1221-15-0438-W-1, 2022 WL 14935535 (M.S.P.B. Oct. 26, 2022) (*2022 Decision*).  Ms. ElHelbawy appeals.  We affirm the Board's decision.

I

In 2012, Ms. ElHelbawy worked as an electronics engineer at the Institute for Telecommunication Sciences, which is a component of the National Telecommunications and Information Administration, which is a component of Commerce.  On March 21, 2012, Ms. ElHelbawy told her supervisor that she was experiencing congestion and other symptoms, which she attributed to workplace conditions.  Her building was then tested, but monitoring and sampling showed the indoor air quality to be acceptable and revealed no sign of unusual contaminants.  Nevertheless, starting at least on May 7, 2012, and continuing at least until October 10, 2012, Ms. ElHelbawy, without approval, failed to report for duty.  On October 15, 2012, her employer proposed to remove her, and it eventually adopted that

proposal, with removal effective November 15, 2022. *See* Pet'r's Appx., Appendices L (proposal), M (removal decision), O (corrected date); SAppx. 22, 47–49, 69.[1]

Between May 7 and November 15, Ms. ElHelbawy remained in contact with her supervisors, who regularly informed her that she was required to report for duty and that she had not provided sufficient medical documentation to justify her absence. Ms. ElHelbawy did provide some medical documentation, but her supervisors, after discussions with Human Resources employees, found the submitted documentation to be insufficient and notified Ms. ElHelbawy of that determination. Ms. ElHelbawy's supervisors also repeatedly notified her that her continued absence could result in disciplinary action. *See* Pet'r's Appx., Appendix L; SAppx. 49–51.

During her absence from work, Ms. ElHelbawy filed several complaints in different forums. She filed two complaints with the Occupational Safety and Health Administration (OSHA) before she was removed from her job. In the first complaint, filed on June 25, 2012, she complained of construction work, remodeling, and window replacement projects and said she experienced skin irritation, phlegm build-up, thick dry nasal mucus, and congestion symptoms. SAppx. 51–52. In the second complaint, filed on September 5, 2012, she alleged that her employer failed to take corrective action to address her reported health issues; failed to report her injury; retaliated against her for reporting health symptoms induced by her work environment; and misrepresented facts so as to deny her salary, workers

---

[1] "Pet'r's Appx." refers to the appendix filed by Ms. ElHelbawy with her brief in this court as petitioner; it includes separately lettered Appendices. "SAppx." refers to the supplemental appendix filed by Commerce in this court with its brief as respondent.

compensation benefits, and any kind of medical examination and treatment costs. SAppx. 52–53.

Ms. ElHelbawy also filed two whistleblower complaints with the Office of Special Counsel. In the first complaint, filed on August 6, 2012 (before her removal), she alleged that her employer falsified time and attendance records and reported her as absent without leave to prevent her from receiving benefits or filing a legitimate workers compensation claim. SAppx. 52. She said that she had contacted the building manager about the air quality in her building. *Id.* In her second complaint, filed on November 14, 2012 (after her removal), Ms. ElHelbawy alleged that her employer had denied her telework request; falsified her time and attendance records; made false statements about her medical documentation; provided false statements and time and attendance records to her claims examiner; denied her information necessary to complete assigned projects; and denied her information about contaminants and chemicals present at her work-site. SAppx. 53.

On December 14, 2012, Ms. ElHelbawy filed an appeal with the Board challenging her removal from the federal service for absence without leave and failure to follow leave requesting procedures. SAppx. 53. In that chapter 75 appeal, Ms. ElHelbawy challenged the basis for removal and also alleged, as affirmative defenses, that she was subjected to disparate treatment based on her sex, race, national origin, color, disability, and religion; harmful procedural error; prohibited personnel practices; and whistleblower retaliation because she reported safety violations to OSHA on June 25, 2012, and filed a request for corrective action with the Office of Special Counsel on August 6, 2012. SAppx. 53–54. The administrative judge assigned to the matter issued an initial decision finding that Commerce proved the grounds justifying removal and that Ms. ElHelbawy failed to establish any of her affirmative defenses. *ElHelbawy v. Department of Commerce*, No. DE-

0752-13-0130-I-2, 2014 WL 2853621 (M.S.P.B June 20, 2014).

The Board issued a final order denying Ms. ElHelbawy's petition for review and affirming the initial decision. *ElHelbawy v. Department of Commerce*, No. DE-0752-13-0130-I-2, 2015 WL 3750738 (M.S.P.B. June 16, 2015). But the Board also determined that Ms. ElHelbawy had attempted to raise whistleblower claims in an IRA appeal with the Board, but the attempt had not been recognized, and so the IRA appeal had not been addressed. The Board forwarded the IRA appeal for it to be addressed. *Id.* ¶¶ 10–15; SAppx. 74–76.

On June 31, 2017, the administrative judge considering the IRA appeal issued an initial decision dismissing it for lack of jurisdiction. *2017 Decision, supra*; SAppx. 20. The administrative judge determined that neither of Ms. ElHelbawy's complaints to the Office of Special Counsel identified the disclosures that constituted whistleblowing activity or identified how the unidentified disclosures were a contributing factor in her employer's decision to take or fail to take the personnel actions she specified. SAppx. 23–25. The administrative judge determined that res judicata precluded the relitigation of any claims involving one particular adverse personnel action, namely, Ms. ElHelbawy's removal from the federal service, which was the subject of her chapter 75 appeal. SAppx. 25–26. On October 26, 2022, the Board denied Ms. ElHelbawy's petition for review and affirmed the initial decision. *2022 Decision* ¶ 1; SAppx. 1–2.

Ms. ElHelbawy timely filed her appeal on December 23, 2022, as permitted by 5 U.S.C. § 7703(b)(1).  We have jurisdiction under 28 U.S.C. § 1295(a)(9).[2]

## II

We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moravec v. Office of Personnel Management*, 393 F.3d 1263, 1266 (Fed. Cir. 2004) (quoting *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229 (1938)).  We review the Board's legal determinations de novo.  *Salmon v. Social Security Administration*, 663 F.3d 1378, 1381 (Fed. Cir. 2011).  We review the Board's jurisdictional determination here de novo.  *Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1373 (Fed. Cir. 2016).

For the Board to have jurisdiction over Ms. ElHelbawy's IRA appeal, she had to have exhausted her administrative remedies before the Office of Special Counsel, 5 U.S.C. §§ 1214(a)(3), 1221(a), and made nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *see Cahill*, 821 F.3d at 1373.  For the exhaustion requirement

---

[2]    Ms. ElHelbawy filed Form 10 in this court stating that she wished to abandon discrimination claims she had previously pressed in this matter.  ECF No. 3 at 3.

to serve its intended purpose, an employee must inform the Office of Special Counsel of the precise ground of her charge of whistleblowing. *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992); *see Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017) (rejecting "'vague, conclusory, or facially insufficient'" allegations (quoting *Johnston v. Merit Systems Protection Board*, 518 F.3d 905, 910 (Fed. Cir. 2008))). Accordingly, we have long held that "substantive details establishing jurisdiction must be alleged in the complaint," and "the test of the sufficiency of an employee's charges of whistleblowing to the [Office of Special Counsel] is the statement that the employee makes in the complaint requesting corrective action under 5 U.S.C. § 1214, not the employee's post hoc characterization of those statements." *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993) (emphasis omitted).

We see no reversible error in the Board's determination that in neither her August 27, 2012 nor her November 14, 2012 complaint to the Office of Special Counsel did Ms. ElHelbawy make sufficiently precise charges that she engaged in whistleblowing activity or that the disclosure was a contributing factor in the employer's decision to remove her. In her August 27, 2012 complaint, Ms. ElHelbawy challenged multiple actions by the Institute for Telecommunication Sciences, but she did not identify any purported disclosure that could have constituted whistleblowing activity under 5 U.S.C. § 2302(b)(8) or indicate how such a qualifying disclosure contributed to those actions. *See* Pet'r's Appx., Appendix F (August 6, 2012 complaint). In her November 14, 2012 complaint, Ms. ElHelbawy listed five disclosures—a complaint filed with an Equal Employment Office (on September 21, 2011), three complaints filed with Commerce's Office of Inspector General (on June 11, 2012, July 31, 2012, and October 23, 2012), and a complaint filed with OSHA (on June 25, 2012)—which might have constituted whistleblowing

activity under 5 U.S.C. § 2302(b)(8). *See* Pet'r's Appx., Appendix G (November 14, 2012 complaint) at 5. But Ms. ElHelbawy did not discuss those disclosures or tie them to the challenged personnel actions. Her complaint lacks the substantive details required to establish jurisdiction. Thus, the Board correctly determined that it does not have jurisdiction over Ms. ElHelbawy's IRA appeal.

Because we conclude that Ms. ElHelbawy failed to meet the standard for Board jurisdiction over her IRA appeal, we need not address the Board's determination that res judicata precludes relitigation of any claims involving her removal from federal service. We have also considered Ms. ElHelbawy's other arguments, none of which change our determination.

## III

For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.

The parties shall bear their own costs.

**AFFIRMED**