## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SYLVIA DUNN,

           Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

           Agency.

DOCKET NUMBER
DC-1221-21-0086-W-1

DATE: January 29, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Dionna Maria Lewis</u>, Esquire, Washington, D.C., for the appellant.

<u>W. Iris Barber</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member**

*The Board members voted on this decision before January 20, 2025.
**Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is employed as a Director, GS-15, in the Office of Resource Management with the agency. Initial Appeal File (IAF), Tab 1 at 8. In 2018, she filed a whistleblower retaliation complaint with the Office of Special Counsel (OSC) and a subsequent Board appeal, and in 2019, she filed a complaint with the agency's Office of Accountability and Whistleblower Protection (OAWP).[2] IAF, Tab 2 at 4, Tab 7 at 4. On August 3, 2020, the appellant filed a second whistleblower retaliation complaint with OSC. IAF, Tab 1 at 7-24, Tab 7 at 4. Specifically, she alleged that, in retaliation for filing her previous OSC complaint, Board appeal, and OAWP complaint, her current first-line supervisor: (1) delayed issuance of her performance plan and then issued a performance plan that violated merit system principles; (2) removed her duties related to the annual Statement of Assurance; (3) designated her as a Records Management Liaison, which constructively downgraded her position; and (4) removed her financial management duties. IAF, Tab 1 at 25-26, Tab 7 at 4-5, 8-13.

On October 26, 2020, OSC closed out the appellant's complaint without further action and informed her of the right to seek corrective action with the Board. IAF, Tab 1 at 25-26. The appellant then filed this IRA appeal. IAF, Tab 1. The administrative judge issued a jurisdiction order, notifying her that

---

[2] The administrative judge issued an initial decision dismissing the previous Board appeal for lack of jurisdiction. *Dunn v. Department of Veterans Affairs*, DC-1221-19-0705-W-1, Initial Appeal File (0705 IAF), Tab 15, Initial Decision (0705 ID). No petition for review was filed in that case.

there was a question of jurisdiction, setting forth the applicable legal standards, and ordering the appellant to produce evidence and/or argument establishing Board jurisdiction. IAF, Tab 4. The appellant responded to the administrative judge's order with a narrative response and numerous exhibits. IAF, Tabs 7-8.

Without a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant had failed to nonfrivolously allege that she engaged in protected whistleblowing or that her whistleblowing was a contributing factor in the personnel actions. IAF, Tab 20, Initial Decision (ID) at 13. The appellant filed this petition for review, arguing that the administrative judge improperly applied the nonfrivolous standard and that she presented sufficient information and evidence to make a nonfrivolous allegation that her protected disclosures and/or protected activities were a contributing factor in the personnel actions taken against her. Petition for Review (PFR) File, Tab 1 at 18-26. The agency did not respond to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant made a nonfrivolous allegation that she engaged in a protected activity.</u>

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and; (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Id.* If the appellant proves that her protected disclosure

or activity was a contributing factor in a personnel action taken against her, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Salerno*, 123 M.S.P.R. 230, ¶ 5.

In her response to the jurisdiction order, the appellant claimed that she engaged in protected activity when she filed her first OSC complaint, a Board appeal, and an OAWP complaint. IAF, Tab 7 at 13. The administrative judge determined that the appellant's claims did not meet the nonfrivolous standard because the allegations were "conclusory and unsworn," and the appellant failed to produce any "material evidence" demonstrating that she actually filed the complaints. ID at 10. He also stated that he was "unable to discern the precise nature of her vague and conclusory complaints" and therefore could not determine if the complaints qualified as protected whistleblowing under 5 U.S.C. § 2302(b)(8) or (b)(9). ID at 11.

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has explained that the "non-frivolous allegation" standard is analogous to the "well-pleaded complaint rule" used to evaluate Federal question jurisdiction in Federal court. *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020) (quoting *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 687-689 (Fed. Cir. 1992)). "At the jurisdictional stage, the appellant need only assert nonfrivolous allegations—allegations that are 'not vague, conclusory, or facially insufficient,' and that the appellant 'reasonably believe[s] to be true. . . .'" *Id.* (quoting *Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017)). The Federal Circuit has clarified that "the question of whether the appellant has nonfrivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* at 1369. As the court explained, "[p]ermitting jurisdictional dismissal of an appeal based on a summary review of the evidence

on the core merits issues would undermine Congress's express intent that the merits of employee appeals be resolved through a hearing rather than summary judgment." *Id.* at 1368.

In light of this guidance from our reviewing court, we find that the appellant met the nonfrivolous allegation standard. Contrary to the administrative judge's assertions, an appellant is not required to submit "material evidence" to substantiate her claims at the jurisdictional stage, nor is she required to submit a sworn statement in support of her assertions.[3] ID at 10; *see Hessami*, 979 F.3d at 1367 (explaining that the appellant need only submit facially sufficient allegations); *see also Edem v. Department of Commerce*, 64 M.S.P.R. 501, 505 (1994) (explaining that there is no requirement that statements be sworn in order to establish entitlement to a jurisdictional hearing). An appellant need only submit facially sufficient allegations, which, taken as true, state a claim plausible on its face. We find that the appellant met this standard.

The appellant alleged that she engaged in protected activities under 5 U.S.C. § 2302(b)(9) when she filed her first OSC complaint, a subsequent Board appeal, and an OAWP complaint. IAF, Tab 7 at 13. Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when she discloses information to OSC or to any agency component responsible for internal investigation or review "in accordance with applicable provisions of law." Further, under 5 U.S.C. § 2302(b)(9)(C), there is no requirement that the information disclosed meet the precise terms of the actions described in 5 U.S.C. § 2302(b)(8). *See Salerno*, 123 M.S.P.R. 230, ¶ 12. Thus, we need not make a finding as to whether the disclosures within the complaints are protected under 5 U.S.C. § 2302(b)(8) to find that the complaints themselves are protected

---

[3] The administrative judge was mistaken when he characterized the appellant's statement as unsworn because it was sworn to under penalty of perjury. ID at 10, 12-13; IAF, Tab 7 at 3.

activity under 5 U.S.C. § 2302(b)(9)(C).[4]  *See id*.  Accordingly, because the appellant alleged that she disclosed information to OSC and OAWP, the agency's office responsible for internal investigation, we find that she nonfrivolously alleged that she engaged in protected activities under 5 U.S.C. § 2302(b)(9).

Accordingly, we find that the appellant has presented facially sufficient allegations to make nonfrivolous allegations that she engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C).

<u>The appellant made a nonfrivolous allegation that her protected activity was a contributing factor in the actions taken against her.</u>

In addition, based in part on the appellant's assertions on review, we find that the appellant raised a nonfrivolous allegation that her protected activity was a contributing factor in the challenged personnel actions.  To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant need only raise a nonfrivolous allegation that the fact of, or the content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way.  *Salerno*, 123 M.S.P.R. 230, ¶ 13.  One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a

---

[4] The appellant also claimed that she made protected disclosures under 5 U.S.C. § 2302(b)(8).  PFR File, Tab 1 at 18-21; IAF, Tab 7 at 13.  However, she provides no specifics as to the contents of her disclosures, offering only generic characterizations such as "equal pay violation in violation of The Classification Act of 1949, 5 U.S.C. § 5101(1)(A) and OPM policy" and "hiring and promotion violations."  PFR File, Tab 1 at 19; IAF, Tab 7 at 13.  While the appellant provides a copy of her first OSC complaint and documents related to her complaint, we are still unable to decipher the specific contents of these alleged disclosures.  PFR File, Tab 2.  It is not the Board's obligation to review the record and create a viable argument for the appellant, especially in light of the fact that the appellant is represented by counsel.  *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002).  Rather, the affirmative responsibility to present evidence and argument is that of the parties.  *Id*.  An appellant whose submissions lack clarity risks being found to have failed meet her burden of proof.  *Id*.  Because the appellant failed to articulate her alleged disclosures with reasonable clarity and precision, we see no reason to disturb the administrative judge's finding that the appellant failed to make a nonfrivolous allegation of protected disclosures.  ID at 11.

personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action i.e., evidence sufficient to meet the knowledge/timing test satisfies the contributing factor standard. *Id.*

The appellant alleges that her first-line supervisor took actions against her in retaliation for her protected activities, i.e., the OSC complaint, the Board appeal, and the OAWP complaint. IAF, Tab 7 at 13. In her responses, both below and on review, the appellant alleged that "[i]t is the Appellant's assertion that [her first-line supervisor] knew of the Appellant's MSPB and OAWP complaints," *id.*, and that "it is reasonable to assert that [her former supervisor] advised [her current first-line supervisor] on the landscape of the office and his personal experiences and perspective . . . ," PFR File, Tab 1 at 22.

Moreover, the appellant has submitted evidence in support of her allegation that her protected activities were a contributing factor in the personnel actions at issue. Specifically, the appellant, in response to OSC's preliminary determination letter, appears to have clarified that, while her former OSC complaint and Board appeal were against her former supervisor, she referred to an OAWP complaint filed against her current first-line supervisor. IAF, Tab 2 at 7. Additionally, the appellant claims that she filed a complaint with the Office of Inspector General (OIG), which was "then transferred to OAWP."[5] PFR File, Tab 1 at 9. The record also contains a copy of an OIG complaint, which names

---

[5] The appellant claims, for the first time on review, that she filed an OIG complaint, which was then transferred to OAWP. PFR File, Tab 1 at 9, 25-26. To the extent she argues that she was retaliated against for filing this OIG complaint, the administrative judge should determine on remand whether she exhausted this claim in front of OSC. PFR File, Tab 1 at 9, 25-26; *see Salerno*, 123 M.S.P.R. 230, ¶ 5 (stating that an appellant must have exhausted her administrative remedies before OSC in order for the Board to have jurisdiction).

both her current first-line supervisor and her previous first-line supervisor.[6] IAF, Tab 2 at 498-506.

Therefore, although the appellant has not alleged with any specificity as to the contents of this transferred complaint, we believe that these allegations, taken together and viewed in light of relevant evidence submitted by the appellant, are sufficient to find that the appellant raised a nonfrivolous allegation that she engaged in protected activities that were a contributing factor in the challenged personnel actions.[7] Thus, because she raised a nonfrivolous allegation of Board

---

[6] While being named in a complaint alone may not be sufficient to prove by preponderant evidence that the appellant's first-line supervisor knew of the protected activity, we find that this evidence, coupled with the appellant's allegations, evidences a nonfrivolous allegation of contributing factor based on the knowledge/timing test. Nonetheless, even if this evidence is not sufficient to constitute a nonfrivolous allegation under the knowledge/timing test, the Board has held that, if an appellant fails to satisfy the knowledge/timing test, then other evidence can be considered when determining whether an appellant has met the contributing factor standard, including whether the whistleblowing was personally directed at the official taking the action and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Accordingly, we find that, under the particular circumstances of this case, the naming of the relevant management official in the protected activity is sufficient evidence to find that the appellant made a nonfrivolous allegation that her protected activities were a contributing factor in the challenged personnel actions.

[7] Two of the actions the appellant claims the agency took in retaliation for her protected activity were the removal of her duties related to the annual Statement of Assurance and removal of her financial management duties. IAF, Tab 7 at 7-8, 14. Another allegedly retaliatory action the appellant claims the agency took was designating her as a Records Management Liaison, which she contends would normally be assigned to a significantly lower-graded employee and was not assigned to other Directors. *Id.* We find that the appellant has made a nonfrivolous allegation that these actions met the definition of "personnel action" under the WPEA. 5 U.S.C. § 2302(a)(2)(A)(xii) (including a "significant change in duties, responsibilities, or working conditions" as a personnel action). However, we question whether the appellant's first challenged personnel action is a covered personnel action under 5 U.S.C. § 2302. OSC has characterized the personnel action as a delayed performance plan that, when issued, violated merit system principles by allowing hearsay to be considered in the rating and allowing duties to be reassigned from the appellant. IAF, Tab 2 at 4. Although the appellant has never clearly disputed OSC's characterization of this action, she has provided several extensive explanations regarding the performance plan that appear to go well outside of these parameters. IAF, Tab 1 at 18-19, Tab 7 at 4-8. Therefore, we are unclear as to

jurisdiction, the appellant is entitled to a hearing on the merits of her case, and the matter must be remanded. *See Salerno*, 123 M.S.P.R. 230, ¶ 5.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                   _____
                                                                  Gina K. Grippando
                                                                  Clerk of the Board

Washington, D.C.

---

the appellant's exact allegations, whether such allegations were exhausted in front of OSC, and whether such action constitutes a covered personnel action under 5 U.S.C. § 2302. Accordingly, because additional factual findings are necessary, the administrative judge is in the best position to address these issues on remand. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 27 (2015) (stating that the administrative judge, as the hearing officer, is in the best position to make factual findings).