# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AHMAD JAMALEDDIN ALJINDI,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-3443-17-0198-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　　Agency. | DATE: April 14, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ahmad Jamaleddin Aljindi</u>, Rocklin, California, pro se.

<u>Katie A. Chillemi</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant filed the instant appeal concerning his nonselection for the agency's Deportation Officer vacancy in its Los Angeles field office.  Initial Appeal File (IAF), Tab 1 at 3.  He alleged that the agency had discriminated against him based on his race, national origin, and religion by informing him that he failed the physical fitness examination required for the vacancy announcement.  *Id*. at 5-6.  He also alleged that the agency had engaged in retaliation "because [he] submitted a fitness test formal appeal and contacted the Equal Employment Opportunity Commission and the Department of Homeland Security Inspector General offices after that."  *Id*. at 6.

¶3      The administrative judge issued an order explaining the Board's limited jurisdiction in the context of nonselections and instructing the appellant to meet his jurisdictional burden of proof.  IAF, Tab 2. In part, the appellant responded on February 8, 2017, the day after the deadline for doing so, asserting that he had

just filed a whistleblower retaliation complaint with the Office of Special Counsel (OSC) the day before, on February 7, 2017. IAF, Tab 14 at 5. Although he included correspondence concerning the agency denying his request to retake the fitness exam associated with its vacancy announcement, the appellant did not submit any evidence of his OSC complaint. *Id*. at 8-15.

¶4        The administrative judge issued a decision on February 10, 2017, dismissing the appellant's appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 19, Initial Decision (ID). She first recognized that neither the appellant's nonselection nor the denial of his request to retake the fitness examination were appealable adverse actions under 5 U.S.C. chapter 75. ID at 5. She next recognized that absent an appealable adverse action, the Board could not address the appellant's allegations of discrimination. *Id*. Last, the administrative judge recognized that the appellant could not establish jurisdiction in the context of an individual right of action (IRA) appeal because he had just filed his OSC complaint and he had not yet exhausted his administrative remedies. ID at 6.

¶5        The appellant has filed a pleading, which we have construed as a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response and the appellant has replied. PFR File, Tabs 3, 5. The Clerk of the Board issued an order requesting additional information concerning the appellant's OSC complaint and providing him with another opportunity to meet his jurisdictional burden over the instant case as an IRA appeal, given the passage of time since he allegedly filed his OSC complaint. PFR File, Tab 6. The appellant filed a response to the order, as did the agency. PFR File, Tabs 7-8. The appellant requested leave to submit another pleading, PFR File, Tab 10, but that request was denied, PFR File, Tab 6 at 9-10.

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, [759 F.2d 9](#), 10 (Fed. Cir. 1985). As the administrative judge

correctly recognized, a nonselection is not an appealable adverse action pursuant to 5 U.S.C. chapter 75.  5 U.S.C. §§ 7512, 7513(d); *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998).  Additionally, the Board lacks jurisdiction to consider the appellant's claims of discrimination absent an otherwise appealable action.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶7        Although a nonselection is not an appealable adverse action under chapter 75, the Board may address a nonselection in some other contexts.  *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007) (recognizing that an appellant may challenge his nonselection by some means other than chapter 75, such as an IRA appeal for whistleblower retaliation, a Veterans Employment Opportunities Act of 1998 appeal, or a Uniformed Services Employment and Reemployment Rights Act of 1994 appeal).  Most relevant to this appeal, the Board may address a nonselection in an IRA appeal.  *Id*.

¶8        To establish jurisdiction in an IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC, and make nonfrivolous allegations that:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶9        An appellant filing an IRA appeal has not satisfied the aforementioned exhaustion requirement unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action.  *Simnitt v.*

*Department of Veterans Affairs*, [113 M.S.P.R. 313](#), ¶ 8 (2010). The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, [2022 MSPB 8](#), ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations. *See Baldwin v. Department of Veterans Affairs*, [113 M.S.P.R. 469](#), ¶ 8 (2010).

¶10 Below, the administrative judge correctly found that the appellant had not satisfied the requisite exhaustion element to appeal his nonselection in an IRA appeal. ID at 6. At that time, the appellant merely alleged that he had filed a complaint with OSC, without providing any supportive evidence. IAF, Tab 14 at 5. Moreover, the appellant essentially conceded that his Board appeal was premature because he had just filed his OSC complaint; he had not waited until either OSC closed his complaint or the passage of 120 days since filing his OSC complaint to file his Board appeal. *Id*.

¶11 On review, the appellant submitted a February 14, 2017 letter from OSC's Disclosure Unit, which did not explain what his allegations were, but did indicate that the Disclosure Unit was closing the matter and referring it to OSC's Complaints Examining Unit. PFR File, Tab 5 at 5; *see Mason v. Department of Homeland Security*, [116 M.S.P.R. 135](#), ¶ 16 (2011) (recognizing that, unlike OSC's Complaints Examining Unit, the Disclosure Unit does not review allegations of prohibited personnel practices, and making a disclosure to the Disclosure Unit does not satisfy the exhaustion requirement under [5 U.S.C. § 1214](#)(a)(3)). Given the passage of time since the initial decision and, more importantly, the appellant's alleged OSC complaint, the appellant was given another opportunity on review to prove the exhaustion element and other

jurisdictional requirements for an IRA appeal.  PFR File, Tab 6; *see Hawkins v. Department of Commerce*, 98 M.S.P.R. 107, ¶¶ 7-8 (2004) (remanding an IRA appeal that became ripe while pending on petition for review because OSC terminated its inquiry and informed the appellant of his Board appeal rights); *see also Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017) (outlining the requirement that when there is a jurisdictional shortcoming in an IRA appeal, petitioners are "provided notice of deficiencies before a claim is finally dismissed and an opportunity to cure their pleadings where specific details are readily available[]").  However, as detailed below, we find that the appellant still has failed to meet his jurisdictional burden, even though more than 120 days have passed since his OSC complaint.

¶12      The appellant responded to the Clerk of the Board's jurisdictional order with a series of unsworn allegations and some documentary evidence that is largely unexplained.  PFR File, Tab 7.  In response to the question of what protected disclosure he made or activity he engaged in, the appellant appears to allege the following series of events:

- March 18, 2016 – the appellant took the fitness exam associated with the agency's vacancy announcement but failed the exam due to unlawful discrimination and "fascism" on the part of the examiner;

- March 21, 2016 – the appellant contacted the agency, disputing his failed fitness exam;

- April 16, 2016 – a contractor notified the appellant that he would be allowed to retake the exam;

- April 21, 2016 –an agency official who notified the appellant that he would not be allowed to retake the exam and the prior message to the contrary was erroneous;

- April 22, 2016 – the agency notified the appellant that it reviewed his failed fitness test and no further action would be taken on his application; and

- April 27, 2016 – the contractor again contacted the appellant to schedule his fitness exam.

*Id*. at 5-6.  The documentary evidence the appellant submitted supports at least some of this alleged timeline.  *Id*. at 24-30, 37.  The appellant also submitted email correspondence between him and the Department of Homeland Security, which generally shows that he filed some sort of complaint with the agency's Office of Inspector General, but the complaint was closed without investigation and referred to the agency's Office of Professional Responsibility.  *Id*. at 33.

¶13        Most relevant to the exhaustion requirement for his jurisdictional burden of proof, the appellant submitted correspondence between him and OSC.  *Id*. at 9-12.  However, while the letters from OSC to the appellant do acknowledge the existence of a complaint being considered by its Complaints Examining Unit, they do not explain what that complaint entailed.  *Id*. at 9-11.  Separately, the appellant included an email to OSC in which he alleged that the agency always selects other candidates, despite his numerous applications, "because [he] reported their intentional violations in a blatant challenge to the United States Constitution."  *Id*. at 12.  That email indicates that documents were attached, but it is unclear what those documents were or what they contained.[3]  *Id*.

¶14        Because the appellant is pro se, we have construed his filings liberally.  *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97 (1989), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).  Nevertheless, we are unable to find nonfrivolous allegations, much less preponderant evidence, that he met the exhaustion requirement.  Although the record shows that the appellant did file a complaint with OSC more than 120 days ago, the record does not establish what that complaint entailed; it does not show that the complaint was a

---

[3] The appellant's pleading includes a number of additional documents that appear altogether unrelated to his jurisdictional burden in the instant appeal.  That evidence includes correspondence concerning other vacancy announcements, PFR File, Tab 7 at 14-18, 31-32, 40-41, his offers to settle the instant appeal, *id*. at 19-23, a complaint about the Board's handling of his appeal, *id*. at 34-36, and an unexplained list of vacancy announcements, *id*. at 42-91.

reasonably clear and precise claim of protected disclosures or activities that were a contributing factor to any personnel action. Therefore, we conclude that the appellant still has not established Board jurisdiction over his claim as an IRA appeal.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and find that none impact the outcome.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.