# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JENNIFER C. BLACK,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-21-0644-W-1 |
| v. | |
| SMALL BUSINESS<br>　ADMINISTRATION,<br>　　　　　　Agency. | DATE: January 2, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Paul V. Bennett</u>, Esquire, Annapolis, Maryland, for the appellant.

<u>Andrew Dylan Howell</u>, Esquire, <u>Claudine Landry</u>, Esquire, and <u>Jeanne Louise Heiser</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant, a former GS-13 Underwriting Marketing Specialist,[2] filed a complaint with the Office of Special Counsel (OSC) alleging that the agency retaliated against her for filing equal employment opportunity (EEO) and Office of Inspector General (OIG) complaints. Initial Appeal File (IAF), Tab 9 at 14-30.[3] After OSC issued its close-out letter informing the appellant that it had terminated its inquiry into her complaint, the appellant filed a Board appeal. IAF, Tab 1. The administrative judge issued a jurisdiction order informing the appellant of the applicable jurisdictional standard and affording her an opportunity to present evidence and argument establishing Board jurisdiction over her appeal.[4] IAF, Tab 3.

The appellant responded to the administrative judge's order, alleging that she first went to an agency EEO counselor in June 2019 and disclosed that her supervisors were abusing their authority, which led them to retaliate against her by subjecting her to a hostile work environment, lowering her October 2019 performance appraisal, and not selecting her for a promotion in March 2020.

[2] The appellant resigned from her position effective June 18, 2021. IAF, Tab 9 at 228-29.

[3] In its preliminary determination letter, OSC found that the appellant alleged that she filed two EEO complaints, in June 2019 and October 2020, a reasonable accommodation request, and "two additional complaints in March and May 2021, although it is unclear what type of complaints these are." IAF, Tab 1 at 11. The appellant did not raise the October 2020 EEO complaint or the reasonable accommodation request before the Board, and thus, we need not consider these allegations. IAF, Tab 9 at 7-10, Tab 16 at 6-10; Petition for Review (PFR) File, Tab 1 at 12 (identifying the dates of the appellant's protected activities as those that correspond to her first EEO complaint and the three OIG complaints, i.e., June 2019, May 2020, March 2021, and May 2021).

[4] The administrative judge issued a second jurisdictional order, requesting that the appellant provide further clarification on her claim. IAF, Tab 13. The appellant filed a response to the order, reiterating the information contained in her first response. *Compare* IAF, Tab 16 at 4-13, *with* IAF, Tab 9 at 4-12.

IAF, Tab 9 at 7-9, 23-24. The appellant further alleged that, because her concerns were not addressed by the EEO process, she filed OIG complaints in May 2020, March 2021, and May 2021, and her supervisors continued to retaliate against her by subjecting her to a hostile work environment, issuing her a lowered performance appraisal in October 2020, issuing her a letter of reprimand in December 2020, placing her on a performance improvement plan (PIP) in March 2021, and denying her a detail in April 2021. *Id*. at 9-12, 24-25.

After reviewing the appellant's submissions, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID). First, he found that the Board lacked jurisdiction over the appellant's disclosures and activities involving EEO-related matters. ID at 5-6. Then, the administrative judge determined that the appellant failed to exhaust her administrative remedies with respect to her May 2020 OIG complaint because she failed to provide details regarding the contents of her complaint. ID at 6-7. Similarly, he found that the appellant failed to exhaust her administrative remedies with respect to the March 2021 and May 2021 OIG complaints because OSC had stated in its preliminary determination letter that it was "unclear what type of complaints [the March 2021 and May 2021 complaints] were," and thus, he determined that the appellant must not have informed OSC that they were OIG complaints.[5] ID at 7. However, the administrative judge also found that, even if

---

[5] In its preliminary determination letter, OSC stated that the appellant alleged that the agency violated both the Health Insurance Portability and Accountability Act (HIPAA) and 5 U.S.C. § 2302(b)(12), which OSC analyzed as a potential violation of 5 U.S.C. § 2302(b)(12) and (b)(14). IAF, Tab 1 at 11, 13. The administrative judge, using OSC's characterization of the appellant's claims, found that the Board does not have jurisdiction over violations of 5 U.S.C. § 2302(b)(14). ID at 7. However, in her responses to the administrative judge's orders and in her petition for review, the appellant claims that she reported the HIPAA violation in her March 2021 OIG complaint. IAF, Tab 9 at 9-10, Tab 16 at 9; PFR File, Tab 1 at 9. Thus, it does not appear that the appellant alleged a separate violation of 5 U.S.C. § 2302(b)(14) but was instead explaining the contents of her March 2021 OIG complaint. Nevertheless, to the extent that the appellant does argue that a HIPAA violation constitutes an independent basis for Board jurisdiction, we agree with the administrative judge that it does not. ID at 7.

the appellant met the exhaustion requirement, she failed to establish that she made a protected disclosure or engaged in a protected activity that was a contributing factor in the personnel actions.  ID at 8-12.  Thus, he dismissed the appeal for lack of jurisdiction.  ID at 12-13.

The appellant has filed a petition for review,[6] asserting that she made protected disclosures and/or engaged in protected activities by filing her EEO and OIG complaints and that her disclosures and activities were a contributing factor in the agency's creation of a hostile work environment and its decision to lower her performance appraisal in October 2019 and October 2020, deny her a promotion in March 2020, issue her a letter of reprimand in December 2020, place her on PIP in March 2021, and deny her a detail in April 2021.[7]  Petition for Review (PFR) File, Tab 1 at 11-14.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

---

[6] The appellant attached an email to her petition for review, which linked several audio recordings of calls between her and her supervisors which allegedly substantiate her claims of hostile work environment.  PFR File, Tab 1 at 15-18.  As we are remanding this matter to the administrative judge for a hearing on the merits, the administrative judge will have the opportunity to review all the evidence submitted by the parties and weigh its relevancy.

[7] To the extent that the appellant argues that she was forced to resign due to whistleblower reprisal, the appellant failed to prove she exhausted this allegation with OSC.  PFR File, Tab 1 at 9, 10, 12.  The appellant spoke to OSC after it issued the preliminary determination letter, stating in part that she had resigned from her position, and OSC informed her that she could submit additional information and documents.  IAF, Tab 1 at 15.  Approximately 1 month later, OSC issued its close-out letter to the appellant, notifying her that since it had not received any further information from her, it would move forward with closing out her matter.  *Id.*  The appellant does not allege that she informed OSC during this conversation that she intended to amend her case to include a claim of constructive discharge.  The Board has recently clarified the substantive requirements of exhaustion, specifically, that requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation.  *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.  We do not find that she has provided a sufficient basis for OSC to pursue an investigation, despite being afforded an opportunity to do so.  Thus, we agree with the administrative judge that the appellant failed to prove by preponderant evidence that she exhausted her administrative remedies with respect to a constructive discharge claim.  ID at 8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). As explained by the U.S. Court of Appeals for the Federal Circuit, at the jurisdictional stage, the appellant need only assert "allegations that are not 'vague, conclusory, or facially insufficient,' and that the appellant 'reasonably believe[s]' to be true. . . ." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020) (quoting *Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017)). Thus, the appellant makes a nonfrivolous allegation if she alleges "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* at 1369.

As set forth below, we find that the appellant exhausted her administrative remedies and made a nonfrivolous allegation that she engaged in protected activities by filing three OIG complaints that were a contributing factor in the agency's decision to take certain personnel actions. However, with respect to the appellant's EEO-related disclosures and activities, we agree with the administrative judge that the Board lacks jurisdiction over these claims because EEO matters are excluded from the coverage of the whistleblower protection statutes. ID at 5-6.

<u>The appellant exhausted her administrative remedies with respect to her OIG complaints.</u>

Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust her administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7. The Board has recently clarified the substantive requirements of exhaustion. *Id.*; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Skarada*, 2022 MSPB 17, ¶ 7. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. *Id.*

The administrative judge erred in finding that the appellant failed to exhaust her administrative remedies. ID at 6-7. With respect to the May 2020 OIG complaint, the administrative judge found that the appellant failed to meet the exhaustion requirement because she did not "inform OSC of the precise grounds" of her whistleblower reprisal claim. *Id.* However, pursuant to the plain language of 5 U.S.C. § 2302(b)(9)(C), an employee engages in a protected activity when she discloses information to the OIG. There is no requirement in the statute that the information disclosed meet the precise terms of the actions described in 5 U.S.C. § 2302(b)(8), and thus, any disclosure to the OIG, regardless of the nature of that disclosure, is protected. *See Salerno*, 123 M.S.P.R. 230, ¶ 12 (2016) (agreeing with an administrative judge that a disclosure to OSC was protected under 5 U.S.C. § 2309(b)(9)(C)); *Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 612 (1991) (explaining that a disclosure to OSC or an OIG is protected under 5 U.S.C. § 2302(b)(9)(C) even if it does not meet the precise conditions of 5 U.S.C. § 2302(b)(8)), *aff'd*, 981 F.2d 1237 (Fed. Cir. 1992), *abrogated on other grounds by Special Counsel v. Santella*, 65 M.S.P.R. 452 (1994). Thus, because the appellant raised the May 2020 OIG

complaint in her OSC complaint, she meets the exhaustion requirement. IAF, Tab 9 at 20.

As for her March 2021 and May 2021 OIG complaints, the administrative judge determined that the appellant failed to satisfy the exhaustion requirement because OSC stated that it was unclear what type of complaints the appellant's March 2021 and May 2021 complaints were. ID at 7. However, in her OSC complaint, the appellant indicated that she made disclosures in June 2019, May 2020, March 2021, and May 2021 in an "EEO[] [c]omplaint [and] OIG online complaint submission." IAF, Tab 9 at 22. Then, later in the OSC complaint, she referred to "OIG complaints," indicating there was more than one OIG complaint filed. *Id.* Thus, the appellant provided OSC with the dates of her complaints and the venue in which she filed those complaints, providing OSC with a sufficient basis to pursue an investigation. *Id.* Accordingly, contrary to the administrative judge's findings, the appellant satisfied the exhaustion requirement for her March 2021 and May 2021 OIG complaints. ID at 7.

<u>The appellant nonfrivolously alleged that she engaged in protected activities that were a contributing factor in certain personnel actions.</u>

The administrative judge found that, even if the appellant satisfied the exhaustion requirement for her May 2020 OIG complaint, she failed to establish a nonfrivolous allegation that she made a protected disclosure because she failed to provide any specific evidence regarding the contents of her disclosure to the OIG. ID at 10. However, as explained above, any disclosure of information to the OIG, regardless of the nature of such disclosure, is protected. Thus, irrespective of the contents of the appellant's three OIG complaints, they are protected activities under 5 U.S.C. § 2302(b)(9)(C).

Additionally, we find that the appellant nonfrivolously alleged that her protected activities were a contributing factor in the agency's personnel actions. To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant need only raise a nonfrivolous allegation that the fact of, or

the content of, the protected activity was one factor that tended to affect the personnel action in any way. *Salerno*, 123 M.S.P.R. 230, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *Id.*

In the initial decision, the administrative judge found that the appellant failed to meet the contributing factor standard, in part, because she failed to specify how the appellant's chain of command became aware of her OIG complaints.[8] ID at 11. The nonfrivolous standard is not a stringent standard, and only requires that the appellant allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami*, 979 F.3d at 1369. Here, the appellant has alleged that her supervisory chain was "well aware" of her whistleblowing "because they were mostly made via email and either management acknowledged them or directly responded." PFR File, Tab 1 at 14; IAF, Tab 9 at 11-12, Tab 16 at 11. Furthermore, the appellant referred to one of her OIG complaints in an appeal of a letter of reprimand, seemingly the one issued on December 16, 2020, by her first-line supervisor. IAF, Tab 1 at 7-8, Tab 9 at 45. Thus, we find that the appellant made a nonfrivolous allegation that her supervisory chain knew of her protected activities.

The Board has found that personnel actions taken within approximately 1 to 2 years of the protected disclosure satisfy the knowledge/timing test. *Peterson v.*

---

[8] The administrative judge found both that the appellant failed to demonstrate contributing factor "by a preponderance of the evidence," ID at 11, and that she "failed to make a non[]frivolous allegation" of contributing factor, ID at 12. Thus, it is unclear what standard the administrative judge applied, but to the extent he applied a preponderant evidence standard, that was an error. The correct standard to apply at the jurisdictional stage of a proceeding is a nonfrivolous allegation standard. *Edwards*, 2022 MSPB 9, ¶ 8; *Salerno*, 123 M.S.P.R. 230, ¶ 5.

*Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 16 (2011). Here, the personnel actions occurred within 1 year of the appellant's first OIG complaint. IAF, Tab 9 at 9-12, 23, Tab 16 at 8-11. Accordingly, because the appellant satisfies the knowledge/timing test, she has nonfrivolously alleged that her protected activity was a contributing factor in the personnel actions and is entitled to a hearing on the merits. *See Salerno*, 123 M.S.P.R. 230, ¶ 5.

The appellant's claims of disclosures and activities involving EEO-related matters are outside of the Board's jurisdiction in an IRA appeal.

The administrative judge correctly found that the appellant's claims of EEO-related disclosures and activities are outside of the Board's jurisdiction in an IRA appeal. ID at 5-6. As the Board reaffirmed recently in *Edwards*, 2022 MSPB 9, ¶¶ 13, 20, 22-23, disclosures about discrimination prohibited by 5 U.S.C. § 2302(b)(1)(A) are excluded from protection under 5 U.S.C. § 2302(b)(8). Thus, the appellant's alleged disclosures to the EEO counselor are outside of the Board's jurisdiction. IAF, Tab 9 at 7-9, Tab 16 at 6-8. Similarly, it is well established that the Board lacks jurisdiction over claims arising under 5 U.S.C. § 2302(b)(9)(A)(ii), including EEO complaints. *Edwards*, 2022 MSPB 9, ¶¶ 24-25. Thus, the appellant's claim that the agency retaliated against her for filing an EEO complaint by lowering her performance appraisal in October 2019 and not selecting her for a promotion in March 2020 is not within the Board's jurisdiction.[9] IAF, Tab 9 at 7-9, 23-24, Tab 16 at 6-8.

Instructions on remand

On remand, the administrative judge shall adjudicate this appeal on the merits, including holding the hearing requested by the appellant. He shall

---

[9] To the extent that the appellant argues that these personnel actions were the result of whistleblower reprisal, because she engaged in protected activity starting in May 2020, it would be a temporal impossibility for her protected activity to have been a contributing factor in the October 2019 performance appraisal or the March 2020 nonselection. *See Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015) (stating that a disclosure that occurs after the personnel action at issue was taken cannot be considered a contributing factor in that personnel action).

specifically address the appellant's allegations that her May 2020, March 2021, and May 2021 OIG complaints were a contributing factor in subjecting the appellant to a hostile work environment, issuing her a negative performance appraisal in October 2020, issuing her a letter of reprimand in December 2020, placing her on a PIP in March 2021, and denying her a detail in April 2021.[10] If the appellant proves by preponderant evidence that a protected activity was a contributing factor in a personnel action, the administrative judge shall order corrective action unless the agency proves by clear and convincing evidence that it would have taken the same actions absent the protected activity.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                   _____

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

_____

[10] In her OSC complaint, the appellant alleged that the agency's personnel actions consisted of, among other things, a hostile work environment and "negative" performance rating. IAF, Tab 9 at 22. Thus, we find that the appellant exhausted her administrative remedies with respect to these personnel actions, and as she also raised them in front of the administrative judge, he should include these two alleged personnel actions in his analysis. *Id.* at 9-12; IAF, Tab 16 at 8-11.